UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ELTON,<br><br>    Plaintiff,<br><br>    v.<br><br>DENIS MCDONOUGH, Secretary, Department of Veterans Affairs,<br><br>    Defendant. | No. 1:19-cv-01723-NONE-HBK (PS)<br><br>ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND, DIRECTING THE CLERK OF COURT TO SUBSTITUTE DENIS RICHARD MCDONOUGH AS DEFENDANT, DENYING PLAINTIFF'S MOTION TO CHANGE PLEADING, AND GRANTING REQUEST FOR RETURN OF EXHIBITS<br><br>(Doc. Nos. 19, 33 and 38) |

Plaintiff Laura Elton is proceeding *pro se* in this employment-discrimination action. Plaintiff filed her second amended complaint on March 24, 2020. (Doc. No. 32.) On April 21, 2020, defendant Denis McDonough, the Secretary of the Department of Veterans Affairs, filed a motion to dismiss plaintiff's second amended complaint. (Doc. No. 33.) Plaintiff filed an opposition to that motion to dismiss (Doc. No. 38), which also included a "Motion to Change Pleading" (*id.* at 9). Defendant filed a reply (Doc. No. 39), and plaintiff filed an unauthorized

/////
/////
/////
/////

1

surreply (Doc. No. 40).¹ Plaintiff's surreply also included a request that the court return to her certain exhibits that she had lodged with the court. (*Id.* at 2.)

For the reasons explained below, the court will grant defendant's motion to dismiss while also granting plaintiff further leave to amend, deny plaintiff's motion to change pleading, and grant plaintiff's request for a return of her previously submitted exhibits.

**BACKGROUND**

**A.     Initial and First Amended Complaints**

Plaintiff filed the complaint commencing this action on August 6, 2019 in the U.S. District Court for the Eastern District of Pennsylvania. (Doc. No. 1.) That complaint was eight pages long and contained 658 pages of exhibits. Granting defendant's motion to transfer, (Doc. No. 6), on November 1, 2019, the U.S. District Court for the Eastern District of Pennsylvania transferred the action to this district (Doc. No. 10).

Plaintiff filed a twelve-page first amended complaint (FAC) on February 10, 2020, using a form complaint for employment discrimination actions. (Doc. No. 22.) The FAC stated that it was relying on the Rehabilitation Act and "Equal Employment Opportunity Commission Law." (*Id.* at 4.) The alleged discriminatory conduct was a failure to accommodate, unequal terms and conditions, and retaliation due to plaintiff's actual or perceived systemic lupus. (*Id.* at 5.) Plaintiff alleged she had received a right-to-sue letter on June 1, 2014. (*Id.* at 6.) The FAC also included five typed pages attached thereto, with several pages of one or two paragraphs in length referring to many other pages, which did not appear to be attached to the FAC.

On February 24, 2020, the parties entered a stipulation to permit plaintiff to file a second amended complaint (SAC), which "shall comply with all pleading requirements, including: (1) Federal Rule of Civil Procedure, Rule 8; (2) that each paragraph be numbered, and (3) that all of Plaintiff's claims and allegations be contained within one document titled "Second Amended

---

¹ Plaintiff filed this action against Robert Wilkie, Secretary of the Department of Veterans Affairs ("Wilkie"). On February 8, 2021, Denis McDonough was sworn in as the Secretary of Veterans Affairs, and is now the proper defendant in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. . . . The court may order substitution at any time . . . .").

2

Complaint," and not spread across multiple filings." (Doc. No. 30.) The assigned magistrate judge adopted the parties' proposed order by signing it the same day. (Doc. No. 31.)

**B.  Second Amended Complaint**

Plaintiff filed her SAC on March 24, 2020. (Doc. No. 32.) Therein, plaintiff alleges four claims. Throughout each of these claims, plaintiff cites to pages from what might be the exhibits to her original complaint, but which are not attached to the SAC. Therein, plaintiff repeatedly alleges that Wilkie, the previous Secretary of Veterans Affairs, personally took various actions. Plaintiff identifies no particular laws pursuant to which her claims arise. Plaintiff does not allege in her SAC whether she has exhausted her administrative remedies.

In the four claims presented in the SAC, plaintiff alleges as follows.

1.  <u>First Claim</u>

Wilkie "did not provide Plaintiff reasonable accommodation for her disability, systemic lupus, in a timely manner including interim accommodations" and subsequently "created an undue hardship for her in the workplace; and discriminated and harassed her in the process." (*Id.* at 2.) Plaintiff's "systemic lupus . . . cause[s] fatigue, joint pain, hand pain and neck pain" along with "other medical problems associated with lupus . . . ." (*Id.*) Plaintiff discussed her disability with Wilkie but he required additional documentation. Defendant typically allows people to self-identify their disabilities without documentation. (*Id.* at 4.)

Plaintiff sought "just an adaptive mouse, headset, and the ability to dictate notes" as her accommodation. (*Id.* at 3.) Plaintiff received her accommodations months after her request and just prior to transferring to another VA facility after being reassigned. (*Id.*) Wilkie "used intimidation" and "humiliated Plaintiff by making reasonable accommodation difficult to obtain," and caused her pain and suffering by not accommodating her.

2.  <u>Second Claim</u>

Wilkie "used harassment as a term and condition of employment when he reassigned her to a non-vacant position in response to her reasonable accommodation request[.]" (*Id.* at 5.) Wilkie knew plaintiff had a heavy workload but reduced the amount of time plaintiff had to complete her work to thirty minutes per patient, beginning in April 2013. Some of plaintiff's

3

tasks take longer than thirty minutes so she requested flexibility for the 30-minute rule as a reasonable accommodation for her disability. Wilkie reassigned plaintiff to a non-vacant position one week after implementing the 30-minute rule to accommodate another employee's request for restroom access. (*Id.* at 6–7.) Wilkie did not comply with the VA's handbook before reassigning her. (*Id.* at 7–8.)

### 3. Third Claim

Wilkie "retaliated against Plaintiff when he reinforced her reassignment out of Primary Care to a non-vacant position by threatening more severe consequences if she didn't move." (*Id.* at 8). Wilkie reiterated this threat over email. Wilkie "un-authoriz[ed] [p]laintiff's authorized absence days for travel on her last day at the Fresno VA." (*Id.* at 9–10.)

### 4. Fourth Claim

Wilkie "failed to stop Plaintiff from being harassed after she was reassigned to a non-vacant position." (*Id.* at 10.)

## C. Pending Motions

As noted above, defendant filed the pending motion to dismiss on April 21, 2020. (Doc. No. 33.) Plaintiff filed an opposition on May 1, 2020, (Doc. No. 38), which also contained a "Motion to Change Pleading," (*id.* at 9). Defendant filed a reply on June 3, 2020. (Doc. No. 39.) On June 18, 2020, plaintiff filed an unauthorized response to defendant's reply. (Doc. No. 40.) In that response, plaintiff "request[ed] the United States District Court Eastern District Court and the Federal Defendant's Attorney to return the second set of Exhibits that she produced if her case is dismissed, so she can prepare for the Ninth District Court." (*Id.* at 2.)

## LEGAL STANDARDS

Below the court will first set forth the legal standards governing resolution of the pending motion to dismiss.

## A. Subject-Matter Jurisdiction and Rule 12(b)(1)

A federal district court has original jurisdiction in cases that arise under federal law. 42 U.S.C. § 1331. A case arises under federal law when a plaintiff establishes that a claim is created by federal law or that a right to relief "requires resolution of a substantial question of federal

4

law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 13 (1983). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "Failure to allege specifically the statute conferring jurisdiction is not always fatal to an action if the facts showing jurisdiction appear in the complaint." *Mir v. Fosburg,* 646 F.2d 342, 346–47 (9th Cir. 1980) (citing *Andrus v. Charlestone Stone Products Co.,* 436 U.S. 604, 607–08 n. 6 (1978)). However, it must be clear that "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded . . . claims." *Franchise Tax Bd. of Cal.,* 463 U.S. at 13.

Under Federal Rule of Civil Procedure 12(b)(1), a party may assert the defense of "lack of subject-matter jurisdiction" by way of a motion to dismiss. *See Head v. Wilkie*, 936 F.3d 1007, 1012 n.4 (9th Cir. 2019) (noting that the lack of Article III standing "requires dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1)"). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 1242). Here, defendant mounts such a facial attack. (*See* Doc. No. 33–1 at 8–9.) "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). As is true in evaluating a Rule 12(b)(6) motion, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In addition, under Federal Rule of Civil Procedure 8(a)(1), a complaint must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"

5

**B.     Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Finally, "federal courts liberally . . . construe the 'inartful pleading' of *pro se* litigants." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)*, as amended* (May 22, 1992) (quoting *Boag v. MacDougall,* 454 U.S. 364, 365 (1982)).

/////

/////

**ANALYSIS**

**A.      Subject-Matter Jurisdiction**

Defendant argues that the court should dismiss the SAC for lack of subject-matter jurisdiction because plaintiff has failed to allege that this court has jurisdiction over the SAC and has failed to allege that she exhausted her administrative remedies.

First, plaintiff's failure to allege the grounds for jurisdiction is not fatal to her complaint. Plaintiff's SAC clearly falls under federal-question jurisdiction. Plaintiff alleges in the SAC that she suffered disability discrimination while working at a federal agency, and the defendant is the head of that agency. Section 501 of the Rehabilitation Act of 1973 permits claims by federal employees for employment discrimination. *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) ("The duty on federal employers thus goes beyond mere non-discrimination; the regulations promulgated under section 501 emphasize the affirmative obligation to accommodate." (quoting *Buckingham v. United States,* 998 F.2d 735, 739 (9th Cir. 1993) (alterations omitted))). Thus, plaintiff's right to relief "requires resolution of a substantial question of federal law," *Franchise Tax Bd. of Cal.,* 463 U.S. at 13, and so it falls within the court's federal-question jurisdiction. Thus, the court will not dismiss the SAC merely because plaintiff has not specifically alleged the basis of jurisdiction. *See Arndt v. Bank of Am.*, 48 F. Supp. 961, 964 (N.D. Cal. 1943) ("It is true that 'a short and complete statement of the grounds upon which the court's jurisdiction depends' must be set forth in the complaint. Strictly speaking, plaintiffs have not done this. However, I have not been put to great effort to ascertain the matters upon which the jurisdiction depends and see no point in requiring the plaintiffs to further amend.").

Next, defendant contends the court lacks jurisdiction because plaintiff failed to allege that she exhausted her administrative remedies. (Doc. No. 33–1 at 9) ("Exhaustion of administrative remedies is a necessary requirement for this court to have jurisdiction [over] certain employment actions.") Defendant's argument in this regard is misplaced because exhaustion of administrative remedies, although required with respect to § 501 claims, is non-jurisdictional.

A claimant who is an employee of an agency of the United States "must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in

accordance with published procedures." *Leorna v. U.S. Dept. of State*, 105 F.3d 548, 550 (9th Cir. 1997) (citation omitted). In the past, the Ninth Circuit has held that district courts lack jurisdiction over unexhausted claims. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) ("Although failure to file an EEOC complaint is not a complete bar to district court jurisdiction, substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite."); *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) ("In order to bring a claim under the Rehabilitation Act, a federal employee must exhaust available administrative remedies."); *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite"); *Thompson v. Donahoe*, 961 F.Supp.2d 1017, 1025 (N.D. Cal. 2013) ("A plaintiff must exhaust her administrative remedies for a court to have subject matter jurisdiction over her Title VII claims. Claims brought under the Rehabilitation Act must also be exhausted.").

But in 2019, the Supreme Court held that failure to exhaust administrative remedies at the Equal Employment Opportunity Commission is non-jurisdictional in Title VII actions. *Fort Bend Cty. v. Davis*, ___U.S.___, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). District courts in the Ninth Circuit, along with the Tenth Circuit Court of Appeals, have applied that holding to claims under the Rehabilitation Act. *See, e.g., Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (citing *Fort Bend* and finding that exhaustion of administrative remedies is non-jurisdictional for a Rehabilitation Act claim); *Channel v. Wilkie*, No. 2:18–cv–02414–MCE–AC (PS), 2019 WL 5720311, at *5 (E.D. Cal. Nov. 5, 2019), *report and recommendation adopted*, 2020 WL 589340 (E.D. Cal. Feb. 6, 2020) ("Exhaustion of administrative remedies is generally—unless the applicable statute provides otherwise, which the Rehabilitation Act does not—considered a non-jurisdictional claims processing requirement, and thus an affirmative defense rather than an element plaintiff must plead and prove."); *Minamoto v. Harker*, No. CV 20–00043 HG–KJM, 2021 WL 1618456, at *5 (D. Haw. Apr. 26, 2021) (holding that exhaustion of administrative remedies in connection with a

8

§ 501 lawsuit was non-jurisdictional). Accordingly, the court will not grant defendant's motion to dismiss for lack of subject-matter jurisdiction brought pursuant to Rule 12(b)(6).

**B.    Plaintiff's Motion to Modify Complaint**

The court will next address a second preliminary matter, plaintiff's motion to change her pleading. The SAC references hundreds of pages of exhibits which were not attached thereto. (Doc. No. 32.) However, plaintiff did attach hundreds of pages of exhibits to her original complaint filed in this action. (*See* Doc. Nos. 1–1, 1–2, 1–3, 1–4). Plaintiff also lodged hundreds of more pages with the court on February 2, 2020; her cover letter placed on the docket indicates those exhibits were sent on January 27, 2020. (Doc. No. 19.)

Plaintiff indicates in her opposition to defendant's motion to dismiss that the page references in her SAC are to earlier exhibits, but it is not clear to the court whether the exhibits referred to by plaintiff are those attached to her original complaint filed in the Eastern District of Pennsylvania or her February 2, 2020 lodging with this court. (Doc. No. 38 at 1–2 ("Plaintiff mailed the Fresno District Court and the Defendant copies of exhibits with page numbers and the case number on each document. Plaintiff was not aware they needed to be detached from the initial pleading and attached to the second amended pleading.").)

Plaintiff's opposition to defendant's motion to dismiss includes a motion "to allow [plaintiff] to change her pleading by removing all previously submitted documents . . . sent by UPS to the Central California Federal District Court and to the [d]efendant on January 27, 2020 with case number and page numbers by detaching them from [p]laintiff's initial pleading and attaching them to the Second Amended Complaint pleading." (Doc. No. 38 at 9.)

The court will deny this motion. When the parties stipulated to plaintiff filing a SAC, the stipulation specifically stated that "all of Plaintiff's claims and allegations be contained within one document titled 'Second Amended Complaint,' and not spread across multiple filings." (Doc. No. 30 at 1.) The assigned magistrate judge's order adopting the parties' stipulation included that same language. (Doc. No. 31.) Even if the court were inclined to excuse plaintiff from those terms, adding numerous exhibits would not save her SAC from dismissal because the
/////

9

pleading would still fail to comply with Federal Rule of Civil Procedure 8 for the reasons discussed below.

**C.       Federal Rule of Civil Procedure 8**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A court may dismiss a complaint for failure to comply with Rule 8(a)(2) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *accord Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019) (same, quoting *id.*).[2] Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). "[A] dismissal for a violation under Rule 8(a)(2)[] is usually confined to instances in which the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969)). A court "has ample remedial authority to relieve a defendant of the burden of responding to a complaint with excessive factual detail. One option [is] to simply strike the surplusage from the [complaint]." *Id.* at 1132.

---

[2]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

10

Here, defendant argues that plaintiff's SAC violates Rule 8 because it "is devoid of specific factual allegations and does not even identify the parties, state that Plaintiff worked at the VA, and does not specify where Plaintiff was working, for how long, her title, or what she is doing now." (Doc. No. 33–1 at 5.)

Plaintiff, to a degree, agrees with defendant in this regard. In her opposition to the pending motion to dismiss, plaintiff states that a Department of Veterans Affairs representative told her that she must "refer to Robert Wilkie, Secretary of Veterans Affairs as the Defendant" and "should not specify the individuals involved in the alleged discrimination and harassment complaints who worked at the Central California Veterans Affairs Healthcare System." (Doc. No. 38 at 2). Thus, plaintiff admits that the named defendant was not, in fact, the individual who committed the alleged discrimination about which she complains. Thus, the SAC violates Rule 8 by failing to adequately identify a key element of plaintiff's claim: who engaged in the alleged unlawful discrimination, retaliation, and/or harassment. Without that key information, plaintiff has not provided "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

To the extent plaintiff's exhibits provide notice of those allegations, as discussed above, they are not part of the SAC. Even if they were attached to the SAC and incorporated therein, such a long pleading, referencing so many exhibits, is not a short and plain statement of the plaintiff's claim. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

Accordingly, plaintiff's complaint does not comply with Rule 8 and will be dismissed for that reason.

**D.     Legal Standards**

As discussed further below, the court will nonetheless grant plaintiff further leave to amend. The court will therefore provide additional, general guidance regarding the claims that plaintiff appears to be attempting to allege in this action.

/////

### 1. Disability Discrimination

To state a prima facie case of disability discrimination under the Rehabilitation Act, a plaintiff must allege facts that if proven would demonstrate "that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). A plaintiff must additionally allege facts demonstrating that her disability was a motivating factor behind the discrimination. 29 U.S.C. § 791(g) (adopting standards for Americans with Disabilities Act for claims under § 501 of the Rehabilitation Act, including 42 U.S.C. § 12112, which prohibits discrimination "against a qualified individual with a disability because of the disability . . . .").

In light of plaintiff's concessions, she has failed to adequately allege discrimination in her first claim. Given her admission that Wilkie did not perpetrate the alleged discrimination, plaintiff has not alleged who she contends discriminated against her. Plaintiff also does not allege what her position was. Although plaintiff implies that she worked at a VA hospital in Fresno, California, she does not clearly allege that.

### 2. Reasonable Accommodation

"The [Americans with Disabilities Act] treats the failure to provide a reasonable accommodation as an act of discrimination if [(1)] the employee is a 'qualified individual,' [(2)] the employer receives adequate notice, and [(3)] a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). These standards also apply to Rehabilitation Act claims. *See Armstrong v. Davis*, 275 F.3d 849, 862 n.17 (9th Cir. 2001) (noting Americans with Disabilities Act and Rehabilitation Act are "materially identical").

Once notified of the need for an accommodation, an employer must engage in an interactive process, "through which the employer and employee can come to understand the employee's abilities and limitations, the employer's needs for various positions, and a possible middle ground for accommodating the employee." *Snapp*, 889 F.3d at 1095. An employer that fails to engage in the interactive process in good faith is liable for failure to provide a reasonable

accommodation if a reasonable accommodation would have been possible.  *Id.*  However, the failure to engage in the interactive process itself is not a violation:  it becomes a violation only if the employer fails to provide a possible reasonable accommodation.  *Id.*

In some circumstances, "a long-delayed accommodation could be considered unreasonable and hence actionable under the" Rehabilitation Act.  *Mogenhan v. Napolitano*, 613 F.3d 1162, 1168 (D.C. Cir. 2010); *cf. Weatherspoon v. Azar*, 380 F. Supp. 3d 65, 71 (D.D.C. 2019) (applying *Mogenhan* to a Rehabilitation Act claim).  To determine whether a delay violates the Rehabilitation Act, courts have considered "the length of the delay, the reasons for the delay, whether the employer has offered any alternative accommodations while evaluating a particular request, and whether the employer has acted in good faith."  *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1262–63 (10th Cir. 2001).

Here, plaintiff alleges that eventually she received her requested accommodation.  Although plaintiff alleges Wilkie failed to engage in the interactive process, that alleged failure alone would not support a claim for violation of the Rehabilitation Act if plaintiff received a reasonable accommodation.

3. <u>Retaliation</u>

"A *prima facie* case of retaliation requires a plaintiff to show:  (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two."  *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (cleaned up).  Requesting a reasonable accommodation is a protected activity.  *Id.*

In moving to dismiss, defendant argues that plaintiff has not alleged that she engaged in a protected activity.  Plaintiff has alleged she requested a reasonable accommodation.

Defendant also argues that plaintiff has not alleged facts establishing a causal link between her alleged activities and any alleged adverse action because plaintiff has not alleged that any relevant decisionmaker was aware of her engagement in any protected conduct.

"Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity."  *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).  "The causal link may be established by an inference derived from circumstantial evidence, such

as the employer's knowledge that the employee engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) (cleaned up). "[I]n some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity. But timing alone will not show causation in all cases; rather, in order to support an inference of retaliatory motive, the termination must have occurred fairly soon after the employee's protected expression." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002).

Here, plaintiff does not allege in her SAC who "un-authorized" her absence days or that the decisionmaker was aware of her engagement in protected conduct. Nor does plaintiff clearly allege a timeline that supports an inference of a retaliatory motive for any adverse action allegedly taken.

### 4. Harassment

"While, the Ninth Circuit has yet to recognize harassment claims under the Rehabilitation Act or Americans with Disabilities Act, some courts have recognized such a claim based on analogous Title VII analysis." *Fox v. Carter*, No. 1:16–cv–00223–DAD–MJS, 2017 WL 3009188, at *3 (E.D. Cal. July 14, 2017); *accord Ostrofsky v. Dep't of Rehab.*, No. CIV S–07–0987–MCE–EFB–P, 2009 WL 3011578, at *7 (E.D. Cal. Sept. 17, 2009), *report and recommendation adopted*, 2009 WL 3623203 (E.D. Cal. Oct. 29, 2009) (collecting cases); *Gladle v. McDonald*, No. 2:15–cv–00057–CAS(FFMx), 2016 WL 11518616, at *4 (C.D. Cal. June 27, 2016) (stating elements for harassment claim under Rehabilitation Act). The undersigned will assume at this time, without deciding, that such a claim can be brought under the Rehabilitation Act.

Courts that have found the Rehabilitation Act permits claims for harassment have found the elements of such a claim to be the following:

> (1) plaintiff is a qualified individual with a disability under the Rehabilitation Act; (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her

14

> employment and to create an abusive working environment; and
> (5) that defendant knew or should have known of the harassment
> and failed to take prompt effective remedial action.

*Id.* (citing *Ostrofsky*, 2009 WL 3011578, at *7).

Here, plaintiff has advanced only conclusory allegations in her SAC that she was harassed, but has not adequately alleged that the harassment was based on her disability or a request for an accommodation. Assuming plaintiff's reassignment constitutes harassment, plaintiff has not alleged that the reassignment was based on her disability. Rather, she only alleges that she was reassigned to accommodate another person's disability and that allegation fails to support a cognizable claim.

**E.      Leave to Amend**

Defendant argues that plaintiff should not be granted leave to amend because she has already amended her complaint once and because she failed to comply with the court's order concerning the formatting of her complaint.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, plaintiff has explained her misunderstandings that resulted in her failure to comply with Rule 8. To the extent plaintiff also violated the court's order concerning her amended complaint, plaintiff has also explained that she thought pleading paper was numbered paragraphs and that she was able to refer to her previously attached and/or lodged exhibits. In addition, the court has not previously ruled on a motion to dismiss or otherwise provided plaintiff with the applicable legal standards governing the claims it appears she is seeking to assert. It is possible that plaintiff may be able to state valid, cognizable claims for relief. The court will therefore grant plaintiff further leave to amend. However, the court will provide some additional limitations for plaintiff, should she elect to file a third amended complaint in this action:

(1) The complaint must be no longer than 25 pages in length, not including permitted exhibits.

(2) The only exhibits plaintiff may attach to her third amended complaint without first obtaining further leave of court are a copy of any right-to-sue letter and any charge plaintiff filed with the Equal Employment Opportunity Commission. In addition, plaintiff must allege whether she received a right-to-sue letter.

(3) The complaint must comply with all pleading requirements, including Rule 8, and be entitled "Third Amended Complaint."

(4) Plaintiff shall both use lined pleading paper and number each paragraph of her third amended complaint.

**F.    Plaintiff's Surreply**

Plaintiff's surreply includes a request that the court return to her copies of her exhibits, should the court dismiss her case. (Doc. No. 40.) Although plaintiff did not receive the court's leave before filing the unauthorized surreply, the court has reviewed it in any event and construes plaintiff's request as a motion.

The motion seems to refer to the several hundred pages of documents plaintiff lodged as evidence in this action on February 3, 2020. Although the Clerk of the Court did not docket plaintiff's voluminous documents, the Clerk did docket plaintiff's cover letter, which stated that "Plaintiff requests to produce previously submitted documents and exhibits that have been updated with the current court case number and page numbers." (Doc. No. 19.)

The assigned magistrate judge had already informed plaintiff not to use the court "as a repository for . . . evidence." (Doc. No. 12–3 at 2.) The magistrate judge informed plaintiff "not [to] file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Evidence improperly submitted to the Court will be stricken and returned to the party." (*Id.*)

Plaintiff violated this order and the court would have been justified in discarding the filings. Nonetheless, the court retained the materials as "lodged" documents in this case. The court will grant plaintiff's request for a return of those documents and will direct the Clerk of

16

Court to return them (Doc. No. 19) to plaintiff. However, plaintiff must make arrangements for their retrieval at her own expense by providing a self-addressed, stamped envelope of sufficient size to the clerk's office for this purpose. To send them to her address of record, plaintiff's envelope will require $30.65 of postage.

**CONCLUSION**

For the reasons set forth above:

(1) The clerk is directed to substitute defendant with "DENIS MCDONOUGH, Secretary, Department of Veterans Affairs";

(2) Plaintiff's motion to change pleading, (Doc. No. 38), is DENIED;

(3) Defendant's motion to dismiss (Doc. No. 33), is GRANTED, with leave to amend;

(4) Plaintiff is granted leave to file a third amended complaint within ninety (90) days[3] of the date of this order, subject to the limitations above;

(5) Plaintiff's motion for a return of documents, (Doc. No. 40), is GRANTED; and

(6) The Clerk of the Court is authorized to return the exhibits plaintiff lodged on February 3, 2020 (Doc. No. 19), provided plaintiff provides the Clerk of Court with a self-addressed and stamped envelope, as set forth above.

IT IS SO ORDERED.

Dated: **June 7, 2021**

UNITED STATES DISTRICT JUDGE

---

[3] This is much more time than would normally be granted to file an amended complaint. However, on June 4, 2021, the *pro se* plaintiff filed a notice of her unavailability from June 3, 2021 through September 1, 2021. Although in that notice plaintiff did not explain the reason for her lengthy unavailability, the court will grant her an extended time period to file any third amended complaint in light of that notice.

17